IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NEKECHIE MILLER, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIV. ACTION NO. 1:21-cv-437 |
| | § | |
| BRIDGESTONE AMERICAS TIRE | § | |
| OPERATIONS, LLC and SRS | § | |
| DISTRIBUTION INC., | § | |
| DEFENDANTS. | § | |

**DEFENDANT BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC'S
<u>NOTICE OF REMOVAL</u>**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant Bridgestone Americas Tire Operations, LLC ("Bridgestone"), by and through its counsel, and pursuant to in, hereby files this Notice of Removal based on diversity jurisdiction and would show the Court as follows:

**I.
SUMMARY OF ARGUMENT**

1.      Removal of this matter is proper because Plaintiff maintains no viable claims against co-defendant SRS Distribution Inc. ("SRS") because the Worker's Compensation Act provides the exclusive remedy that an employee who is injured on the job may seek from his subscribing employer. Tex. Lab. Code § 408.001(a) (emphasis added); *Patterson v. Houston Indep. Sch. Dist.*, No. H-11-1984, 2012 U.S. Dist. LEXIS 192253, at *47 (S.D. Tex. Feb. 17, 2012). When Plaintiff filed his worker's compensation claim for the July 8, 2019 vehicular accident, he acknowledged and argued that he was injured on the job and that SRS is his employer; therefore, he waived any and

all personal injury claims against SRS. As a result of those intentional actions, SRS is an improper party to this suit, and thus complete diversity exists between the proper parties-- Plaintiff and Bridgestone. Plaintiff also pled damages in excess of the jurisdictional amounts of the Court and Bridgestone timely removed this matter to Federal Court.

## II.
### BACKGROUND FACTS AND PROCEDURAL HISTORY

2.      On April 9, 2021, Plaintiff filed suit against Bridgestone and SRS in state court Cause Number D-1-GN-21-001615; *Nekechie Miller v. Bridgestone Americas Tire Operations, LLC and SRS Distribution Inc.*; in the 353rd Judicial District Court of Travis County, Texas asserting claims for negligence/product liability.[1]  Plaintiff pled that he was injured in a vehicular accident occurring on July 8, 2019.  *Id.*  at ¶ 4.00. According to his petition, he was operating a tractor-trailer in the course and scope of his employment with SRS when a tire on the trailer failed. *Id.*   Plaintiff claims he suffered injuries in excess of $1,000,000.  *Id.* at ¶ 3.02.

3.      Bridgestone's registered agent for service of process received the citation and a copy of Plaintiff's Original Petition on April 21, 2021.[2]   SRS was served via process server on April 20, 2021.[3]   SRS filed its Original Answer in state court on May 6, 2021.[4]  Bridgestone filed its Original Answer in state court on May 13, 2021.[5]

---

[1] *See* **Exhibit A**, a true and correct copy of Plaintiff's Original Petition.
[2] *See* **Exhibit B**, Citation and Return of Service for Bridgestone attached hereto and incorporated herein for all purposes to this Notice of Removal.
[3] *See* **Exhibit C**, Citation and Return of Service for SRS Distribution attached hereto and incorporated herein for all purposes to this Notice of Removal.
[4] *See* **Exhibit D.**
[5] *See* **Exhibit E.**

4.     Bridgestone timely removes this matter to Federal Court on the basis of diversity jurisdiction because SRS is fraudulently or improperly joined in this matter since Plaintiff's claims against SRS are barred under the Texas Worker's Compensation Act.

### III.
### REMOVAL IS TIMELY

5.     This notice of removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of receipt of this lawsuit by Bridgestone. [6]

### IV.
### DIVERSITY JURISDICTION EXISTS FOR ALL PROPER PARTIES TO THE SUIT

6.     Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Further, pursuant to 28 U.S.C. § 1332(a), district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

7.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the true parties in interest in this matter that have been properly joined and served and the damages sought exceed the sum of $75,000.

---

[6] *See* **Exhibit B**.

8.     As discussed below, although SRS is alleged to be a Texas corporation, SRS is improperly joined because no viable cause of action exists against it as the only non-diverse defendant.  Since no viable claim exists against SRS, its presence should be disregarded by the Court when determining the existence of diversity jurisdiction and assessing the propriety of removal.  *See* U.S.C. § 1441(b); *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 575 (5th Cir. 2004); *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217-18 (5th Cir. 1995); *Badon v. R.J.R. Nabisco, Inc.*, 224 F.3d 382, 393 (5th Cir. 2000) ("In determining whether complete diversity exists, a court must disregard the citizenship of defendants when "there is no reasonable basis for predicting that plaintiffs might establish liability against the in-state defendants.").

A.     **SRS's citizenship should be disregarded because it was improperly joined in this lawsuit.**

9.     The doctrine of improper joinder prevents plaintiffs from defeating federal diversity jurisdiction simply by naming a non-diverse defendant.  *Salazar v. Allstate Tex. Lloyd's, Inc.* 455 F.3d 571, 574 (5th Cir. 2006).  Removal of a matter based on diversity jurisdiction is proper "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added).  *See also Smallwood,* 385 F.3d at 572.

10.     The Court may disregard a co-defendant's citizenship when considering whether diversity jurisdiction exists if there is improper joinder. *See Dodson v. Spiliada Maritime Corp.,* 951 F. 2d 40, 42-43 (5th Cir. 1992).  There are two methods to establish improper joinder:

(a)    Actual fraud in the pleading of jurisdictional facts; or

(b)    Inability of the plaintiff to establish a cause of action against the non-diverse party in state court.

*See Smallwood,* 385 F.3d at 573*; Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).  Bridgestone asserts that Plaintiff is unable to establish, and is in fact barred from bringing, any claims against SRS.

11.    The Fifth Circuit Court of Appeals adopted the following standard for determining whether the plaintiff is unable to establish a cause of action against the non-diverse party:

> The test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is ***no reasonable basis*** for the district court to predict that the plaintiff might be able to recover against the in-state defendant.

*Smallwood*, 385 F.3d at 573 (emphasis added); *see also Casas v. Tire Corral, Inc.*, 2005 U.S. Dist. LEXIS 42108, *6-7 (S.D. Tex. Mar. 31, 2005) ("The district court must determine whether there is any reasonable basis for predicting that [the plaintiff] might be able to establish [the defendant's] liability on the *pleaded* claims in state court.") (emphasis added) (internal citations omitted).  To survive the improper joinder test, a possibility of recovery must be reasonable and not merely theoretical. *Smallwood,* 385 F.3d at 573, n.9 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).  "Merely *pleading* a valid state law claim, or one whose validity is

reasonably arguable, against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).

12.     The Court employs one of two methods to resolving an improper joinder issue.  The first method is to conduct a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."   *Smallwood*, 385 F.3d at 573. "[I]t is by referring to this pleading that a court assesses whether a reasonable theory, or merely a theoretical one, has been asserted."   *Great Plains Trust Co.*, 313 F.3d at 312.  Rule 12(b)(6) authorizes a court, upon suitable showing, to dismiss any action or any claim within an action for failure to state a claim upon which relief can be granted.  Legal conclusions in a complaint must be supported by factual allegations that plausibly give rise to an entitlement to relief for the complaint to survive a motion to dismiss.  *See Wolf v. Deutsch Bank Nat'l Trust Co.,* 745 Fed. Appx. 205, 207 (5th Cir. 2018) (citing *Ashcroft v. Igbal*, 556 U.S. 662, 678 (2009)).  If the plaintiff can survive this Rule 12(b)(6)-type challenge, there is ordinarily no improper joinder.  But if the plaintiff's petition states no claim against the in-state defendant, then the joinder is improper.

13.     In the alternative, the Court may pierce the pleadings and conduct a summary inquiry when "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder."  *Smallwood*, 385 F.3d at 573.  The Fifth Circuit explained:

> For removal purposes, a local defendant is deemed fraudulently joined not only when there is no arguably reasonable basis for predicting that the local law would recognize the cause of action pled against that defendant, but also when, as shown by piercing the pleadings in a summary judgment type procedure, there is no arguably reasonable basis for predicting that the plaintiff would produce sufficient evidence to sustain a finding necessary to recover against that defendant. Were this not the rule, the removal rights of out-of-state defendants would largely be theoretical and practically meaningless.

*Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545-46 (5th Cir. 2004).  This method is appropriate to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."  *Smallwood*, 385 F.3d at 573-74. Thus, a mere "colorable claim" stated on the pleadings is not sufficient.

14.    Here, discrete and undisputed facts exist which preclude Plaintiff's recovery against SRS and require the Court to pierce the pleadings and conduct a summary inquiry pursuant to the Fifth Circuit's precedent.  Plaintiff pled claims against SRS for negligence but omitted facts that would determine the propriety of joinder of SRS; thus, a summary inquiry is needed.

**1.    The Texas Worker's Compensation Act provides the exclusive remedy for Plaintiff against SRS for his alleged work-related injury.**

15.    A federal court sitting in diversity applies the law of the state in which it sits. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78-79 (1938).  For this matter, the Texas Workers' Compensation Act ("TWCA") governs the Plaintiff's claims against SRS that allegedly arise out of on-the-job injuries because SRS is a subscribing "employer" as the

term is defined under the TWCA.[7]  *See,* Tex. Lab. Code § 401.0010, *et. seq.*  Section

408.001 of the Texas Labor Code states:

> (a) Recovery of workers' compensation benefits is the ***exclusive remedy*** of
> an employee covered by workers' compensation insurance coverage or a
> legal beneficiary against the employer or an agent or employee of the
> employer for the death or a work –related injury sustained by the employee.

Tex. Lab. Code § 408.001(a) (emphasis added); *Patterson v. Houston Indep. Sch. Dist.*,

No. H-11-1984, 2012 U.S. Dist. LEXIS 192253, at *47 (S.D. Tex. Feb. 17, 2012).

> The workers' compensation act was adopted to provide prompt
> remuneration to employees who sustain injuries in the course and scope of
> their employment. . . . The act relieves employees of the burden of proving
> their employer's negligence, and instead provides timely compensation for
> injuries sustained on-the-job. . . . In exchange for this prompt recovery, the
> act prohibits an employee from seeking common-law remedies from his
> employer, as well as his employer's agents, servants, and employees, for
> personal injuries sustained in the course and scope of his employment.

*Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 206-207 (Tex. 2000).   In other

words, "[t]he exclusive remedy provision of the TWCA requires dismissal of a plaintiff-

employee's suit for negligence or gross negligence if the defendant employer is a

subscriber under the Act."  *Bradley v. Phillips Petroleum Co.,* 527 F. Supp. 625, 645

(S.D. Tex. 2007).

16.     Here, Plaintiff filed a claim with SRS's worker's compensation insurance

carrier associated with the accident made the basis of this lawsuit.[8]   The Texas

Department of Insurance – Division of Workers Compensation confirms that SRS is a

workers compensation subscriber and maintained such coverage on July 8, 2019, the date

---

[7] *See* **Exhibit F,** Texas Department of Insurance—Worker's Compensation Division verification
of employer coverage on July 8, 2019.
[8] **Exhibit G**- July 10, 2019 claim letter addressed to Plaintiff.

of the accident at issue.[9]   Plaintiff filed for and received workers' compensation benefits associated with this event.   The claim number associated with Plaintiff's claim is 189041291-001.   As a result, Plaintiff's claims against SRS are subject to the TWCA and are barred as a matter of law under Section 408.001(a).

**B.**   **Diversity of Citizenship Exists Between Bridgestone and Plaintiff.**

17.   In his petition, Plaintiff alleges that he is a resident of Travis County, Texas.[10]

18.   With respect to Bridgestone's citizenship, as a limited liability company, its citizenship is determined by the citizenship of its members.  *See Am. Motorists Ins. Co. v. Am. Emp. Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).   Bridgestone's sole member is Bridgestone Americas, Inc.[11]

19.   Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of a State by which it has been incorporated and of the State where it has its principal place of business."   Bridgestone Americas, Inc. is incorporated under the laws of the State of Nevada.[12]   Likewise, its principal place of business is in Tennessee.[13]

---

[9] **Exhibit F.**
[10] *See* **Exhibit A** at ¶ 2.00.
[11] *See* https://www.bridgestoneamericas.com/en/corporation/who-we-are; *see, e.g., Brown v. Firestone Complete Autocare*, Civ. Action No. 5:10-CV-0036-DCB-JMR, 2010 U.S. Dist. LEXIS 124533, at *3 (S.D. Miss. Nov. 8, 2010) (finding that Bridgestone Americas, Inc. is the sole member of Bridgestone Retail Operations, LLC and holding that Bridgestone Retail Operations, LLC is therefore a citizen of both Nevada and Tennessee).
[12] *Id.*
[13] https://www.bridgestoneamericas.com/en/contact-us/corporate-contacts/united-states

Therefore, pursuant to Section 1332(c)(1), Bridgestone Americas, Inc. is a citizen of Nevada and Tennessee.

20.     As such, complete diversity of citizenship exists between Bridgestone and Plaintiff, the only proper parties to this matter.

### C.     The Amount in Controversy Exceeds $75,000.00.

21.     Plaintiff's damage claims also meet the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(b).  The amount in controversy is the estimate of damages that will be put at issue, not the amount Plaintiff will actually recover. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996).  Under Texas Rule of Civil Procedure 47, a plaintiff is required to plead one of the statutorily-prescribed ranges of damages.[14]  In this matter, Plaintiff pled that he seeks over $1,000,000 in damages.[15]   As such, from the face of the petition, the amount in controversy plainly exceeds $75,000.

### V.
### CONCLUSION

22.     This lawsuit is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332 and is one which may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.  Further, removal to this judicial district and division is proper under 28 U.S.C. § 1441(a), as this district and division embraces Travis County, Texas where the state court action was filed and is currently pending.

---

[14] TEX. R. CIV. P. 47.
[15] *See* **Exhibit A** at ¶ 3.02.  Plaintiff pled damages in accordance with Tex. R. Civ. P. 47©(4) which states "monetary relief over $1,000,000."

23.     Simultaneously with the filing of this Notice of Removal, notice will be given to Plaintiff and a copy of this Notice of Removal will be filed with the clerk of the 353rd Judicial District Court of Travis County, Texas.[16]

24.     SRS's consent to this removal is not required because it was fraudulently joined.  However, SRS does consent to the removal of the case to this Court.[17]

25.     In compliance with 28 U.S.C. § 1446(a), the following exhibits are attached:

Exhibit A:     Plaintiff's Original Petition (filed April 9, 2021);

Exhibit B:     Citation and Return of Service to Bridgestone;

Exhibit C:     Citation and Return of Service to SRS;

Exhibit D:     SRS's Original Answer (filed May 5, 2021);

Exhibit E:     Bridgestone's Original Answer (filed May 13, 2021);

Exhibit F:     Texas Department of Insurance—Worker's Compensation Division verification of employer coverage on July 8, 2019;

Exhibit G:     July 10, 2019 claim letter addressed to Plaintiff;

Exhibit H:     SRS Distribution Inc.'s consent to removal;

Exhibit I:     State Court Docket Sheet;

Exhibit J:     Index of Matters Being Filed;

Exhibit K:     List of All Counsel of Record;

Exhibit L:     Civil Cover Sheet; and

Exhibit K:     Supplemental Civil Coversheet.

---

[16] *See* 28 U.S.C. § 1446(d).
[17] **Exhibit H.**

26.     Bridgestone reserves the right to amend or supplement this Notice of Removal.

## VI.

WHEREFORE, PREMISES CONSIDERED, Bridgestone Americas Tire Operations, LLC prays for removal of the above entitled and numbered from the 353rd Judicial District Court of Travis County, Texas to this Honorable Court, and for such other and further relief to which it may be justly entitled.

DATED:     May 14, 2021.

Respectfully submitted,

**JOHNSON, TRENT & TAYLOR, L.L.P.**

By:     _/s/ T. Christopher Trent_
T. Christopher Trent
State Bar No. 20209400
Leslee N. Haas
Texas Bar No. 24041031
919 Milam, Suite 1500
Houston, Texas  77002
Telephone: (713) 222-2323
Facsimile: (713) 222-2226
Email: ctrent@johnsontrent.com
Email: lhaas@johnsontrent.com

**ATTORNEYS FOR DEFENDANT**
**BRIDGESTONE AMERICAS TIRE**
**OPERATIONS, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 18th day of May 2021, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system pursuant to the Federal Rules of Civil Procedure.  Parties may access this filing though the Court's system.

Christine Londergan                                                             *Via E-Service*
DC LAW, PLLC
1012 W. Anderson Ln.
Austin, Texas 78757

Jeff D. Otto                                                                          *Via E-Service*
Erika M. Laremont
THOMPSON, COE, COUSINS & IRONS, LLP
701 Brazos, Suite 1500
Austin, Texas 78701


                                                    */s/ T. Christopher Trent*
                                                    T. Christopher Trent

1261147

13