UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DIVISION

| | |
|---|---|
| **NEKECHIE MILLER,** *Plaintiff,* § § § | |
| v. § | No. 1:21-CV-437-RP |
| § § | |
| **BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC,** *Defendant.* § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Bridgestone Americas Tire Operations, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Rule 12(b)(6), Dkt. 21; and all related briefing. After reviewing these filings and the relevant case law, the undersigned issues the following report and recommendation recommending that the District Court grant Bridgestone's motion to dismiss.

### I.   BACKGROUND

This case involves an alleged defective tire manufactured by Defendant Bridgestone Americas Tire Operations, LLC. Plaintiff Nekechie Miller claims he was injured in an accident on July 8, 2019, when the allegedly defective tire blew out, causing the commercial truck he was driving to roll over. In his Second Amended Complaint, Dkt. 20, Miller asserts that "defects in the manufacture, design, and development of the tire were the cause of the wreck." Dkt. 20, at 3. Miller prays for

1

damages for his past and future physical injuries, past and future mental anguish, past and future medical expenses, and past and future pain and suffering. *Id.*, at 4.

Bridgestone moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing Miller fails to plead the elements for negligence, negligent design, negligent manufacturing, negligent marketing, and/or strict products liability. Dkt. 21, at 3. Miller opposes the motion, arguing that he has adequately stated a claim for negligence and strict liability for a manufacturing defect. Dkt. 22, at 4. Alternatively, he requests leave to replead (again).[1] *Id.*

## II.   LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter,

---

[1] Plaintiff amended its original complaint after Bridgestone filed its first motion to dismiss. Dkt. 10. The Court then granted Plaintiff leave to amend its complaint again to add additional detail to its claims. Dkt. 19. This Second Amended Complaint, Dkt. 20, is the subject of Bridgestone's motion here.

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III.   DISCUSSION

Bridgestone argues that Miller fails to properly plead facts sufficient to make out his claims for negligent design, manufacture or marketing, as well as strict

liability. Dkt. 21, at 5. Miller's Second Amended Complaint alleges as follows in relevant part:

> The subject FS560 retreaded Firestone tire with DOTR identification number W13T3P12917-VUJ18 was designed, manufactured, and marketed by Defendant BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC. The full identity of the tire is not known as Defendant failed to properly mark the tire in compliance with 49 CFR § 574.5 when they created the retread. Defects in the manufacture, design, and development of the tire were the producing cause of the wreck, and the significant injuries complained about herein. Specifically, Defendant used an unviable casing as the base for the retreaded tire and failed to cure the tire correctly to ensure adherence of the new tread. Defendant's acts or omissions constituting defective design and manufacturing include but are not limited to:
>
> > a. failing to thoroughly repair the casing on the subject tire prior to retreading it;
> >
> > b. failing to properly inspect the casing to verify there were no anomalies that would result in separation of the tread;
> >
> > c. failing to ensure the bonding surface was uncontaminated during the curing process; and
> >
> > d. failing to adequately join the ends of the tread to ensure the tread would stay adhered to the casing.
>
> These acts and/or omissions resulted in complete delamination and blow out of the subject tire almost immediately upon use and thus were the proximate cause of the wreck that forms the basis of this suit. At the time of the incident, the subject tire was in substantially the same condition as it was at the time it was placed into the stream of commerce. It was foreseeable to Defendant tire manufacturer that the use of this inadequate casing and improper curing process could cause a blowout and lead to a serious wreck and resulting injuries. It was the defective design and manufacturing of the subject tire that was a producing cause of Plaintiff's injuries and damages.

Dkt. 20, at 3.

Products liability law in Texas is governed by statute and is defined as "any action against a manufacturer or seller for recovery of damages arising out of personal injury ... allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories." Tex. Civ. Prac. & Rem. Code § 82.001(2); *see also Castillo v. Boston Sci. Corp.*, No. 7:20-cv-123, 2020 WL 5608510, at *3 (S.D. Tex. Sept. 18, 2020) ("It is customary and proper for a plaintiff to plead strict liability and negligence as alternative theories .... Strict liability looks at the product itself and determines if it is defective, while negligence looks at the acts of the manufacturer and determines if it exercised ordinary care in design and production." (cleaned up)).

Texas recognizes three types of product defects: "marketing, design, and manufacturing." *Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 800 (Tex. 2006). To prevail on a strict liability claim under Texas law, a plaintiff must show: (1) a defective product that (2) was unreasonably dangerous, (3) did not substantially change from its original condition when it reached the consumer, and (4) caused the plaintiff's injuries. *Harrison v. Medtronic, Inc.*, No. 22-10201, 2022 WL 17443711, at *2 (5th Cir. Dec. 6, 2022) (citing *Syrie v. Knoll Int'l*, 748 F.2d 304, 306 (5th Cir. 1984)); *see also Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 426 (Tex. 1997). In comparison, a claim of negligent products liability requires only that the court "look[ ] at the act of the manufacturer and determine[ ] if it exercised ordinary care." *Garrett v. Hamilton Standard Controls, Inc.*, 850 F.2d 253, 256 (5th Cir. 1988) (quoting *Syrie*,

5

748 F.2d at 307). Despite these different showings, a negligence claim still presupposes a "defective" product. *Id.* at 257.

In Miller's Response, he concedes that his Second Amended Complaint is limited to claims of negligence and strict product liability for a manufacturing defect. Dkt. 22, at 3. In light of this statement, the undersigned addresses only those claims.

Establishing a defect is "central to any products liability action," and the defect must be the "producing cause" of the injury. *Romo v. Ford Motor Co.*, 798 F. Supp. 2d 798, 806-07 (S.D. Tex. 2011) (quoting *Syrie*, 748 F.2d at 306). In Texas, a manufacturing defect results when a product deviates "from the specifications or planned output in a matter that renders it unreasonably dangerous." *Fearrington v. Boston Sci. Corp.*, 410 F. Supp. 3d 794, 802 (S.D. Tex. 2019) (citation omitted). "A plaintiff must prove that the product was defective when it left the hands of the manufacturer and that the defect was a producing cause of the plaintiff's injuries." *Id.* (internal quotation marks omitted). A plaintiff must allege facts showing defendant deviated from the intended design to plausibly allege a manufacturing defect. *Id.*

Bridgestone argues that Miller failed to plead any facts supporting the subject tire casing or retread deviated from its design specification or intended output. Dkt. 21, at 9. And there is no explanation as to how a manufacturing defect, if any, caused Miller's damages. *Id.* Thus, because he has failed to properly plead a defect, Bridgestone asserts that Miller has failed to state a claim for either strict liability manufacturing defect or negligent manufacturing.

Miller responds that "one can infer all the elements of negligence and strict liability for a manufacturing defect" from his Second Amended Complaint. Dkt. 22, at 3. Additionally, Miller argues that he need not identify the "duty" upon which he bases his negligence claim, as a complaint need not contain "magic words," and only his factual pleadings need be sufficient to state a claim. *Id.*, at 3-4. Bridgestone replies that Miller never addressed whether the original tire, the retreaded material or retread process is defective. Dkt. 23, at 2.

In *Harrison v. Medtronic, Inc.*, the court found that a plaintiff cannot simply plead that a factfinder may infer a defendant's negligence from the circumstances surrounding the accident, and must "shoulder[ ] the burden of specifying a manufacturing defect." 2022 WL 17443711, at *2 (citing *Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex. 1990)). That is because "Texas law does not generally recognize a product failure or malfunction, standing alone, as sufficient proof of a product defect." *See Cooper Tire*, 204 S.W.3d at 807 ("The mere fact that the [product] failed would amount to evidence of a manufacturing defect so slight as to make any inference a guess and is in legal effect no evidence.")

The plaintiff in a manufacturing defect case must identify a specific defect. *Casey v. Toyota Motor Eng'g & Mfg. N. Am., Inc.*, 770 F.3d 322, 326 (5th Cir. 2014) (citing *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 42 (Tex. 2007)). "The deviation from design that caused the injury must be identified" in order to establish a defect. *Id.* In this case, Miller has failed to plead facts supporting that the tire casing or retread deviated from the design specification or intended output. He has failed to

7

plead the requisite defect upon which to base his strict liability manufacturing defect claim. Accordingly, his manufacturing defect claim should be dismissed.

As to his negligence claim, under Texas law, "a manufacturer logically cannot be held liable for failing to exercise ordinary care when producing a product that is not defective." *Garrett v. Hamilton Standard Controls, Inc.*, 850 F.2d 253, 257 (5th Cir. 1988). Thus, because Miller has failed to adequately plead a defect, his negligence claim fails on the same basis, and it should be dismissed. *See id.* (holding that "a defective product theory subsumes a negligent manufacturing [and design] theory"); *Transcorp Carriers, Inc. v. Great Dane Ltd. P'ship*, No. 5:12-CV-88, 2013 WL 5230821, at *14 (E.D. Tex. Sept. 17, 2013) (finding "the failure of Plaintiff's strict liability claim precludes Plaintiff's negligence claim"); *Hayles v. Gen. Motors Corp.*, 82 F. Supp. 2d 650, 658-59 (S.D. Tex. 1999) (stating that "the absence of a defect negated an essential element of a negligence claim").

Miller alternatively requests that should his claims be dismissed, he be allowed leave to amend his complaint. Bridgestone asserts that Miller should not be allowed a fourth chance to amend his pleadings, and he has failed to adequately request leave to amend the scheduling order. While it is true that Miller has amended his complaint twice since removal to federal court, it is not clear to the undersigned that amendment is futile. *See Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (stating that a district court may properly deny leave to amend "where the proposed amendment would be futile because it could not survive a motion to dismiss").

Courts should freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Granting leave to amend "is especially appropriate ... when the trial court has dismissed the complaint for failure to state a claim." *Id.* (quoting *Griggs v. Hinds Junior Coll.*, 563 F.2d 179, 180 (5th Cir. 1977) (per curiam)).

Miller neither submits a proposed amended complaint nor describes any other facts he would plead to cure the defects in his claims. Without a proposed amended complaint, the Court cannot assess whether amendment is warranted. *See Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (holding that leave to amend is not required where movant fails to inform court of facts it would plead in amended complaint to cure any deficiencies); W.D. Tex. Loc. R. CV-7(b) (requiring that an executed copy of proposed pleading be filed as an exhibit to motion for leave).

Because the Court cannot adequately assess any proposed amended complaint, the undersigned therefore recommends that Miller's request for leave to amend be denied without prejudice.

## IV.  RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant Bridgestone Americas Tire Operations, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint

Pursuant to Rule 12(b)(6), Dkt. 21, and **DISMISS** Miller's claims **WITHOUT PREJUDICE**. It is **FURTHER RECOMMENDED** that Miller's Motion for Leave to Amend be **DENIED WITHOUT PREJUDICE**. The referral in this case is **CANCELED**.

## V.     WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED February 21, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE